

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-21-2008

# Garzella v. Dunmore

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Garzella v. Dunmore" (2008). *2008 Decisions.* Paper 1172.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1172

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2247

———————

POLICE OFFICER TONY GARZELLA,
Appellant

v.

BOROUGH OF DUNMORE; DUNMORE BOROUGH COUNCIL;
BOROUGH OF DUNMORE CIVIL SERVICE COMMISSION;
MICHAEL CUMMINGS, individually and as Councilman;
JOSEPH LOFTUS, individually and as Borough Manager;
THOMAS HENNIGAN, individually and as Councilman;
JOSEPH TALUTTO, individually and as Councilman;
LEONARD VERRASTRO, individually and as Councilman;
JOHN BARRETT, individually and as Civil Service Commissioner;
WILLIAM GALLAGHER, individually and as Civil Service Commissioner;
RALPH MARINO, individually and as Civil Service Commissioner;
DUNMORE POLICE ASSOCIATION
(D.C. Civil No. 05-cv-01626)

———————

No. 07-2248

———————

POLICE OFFICER ANTHONY CALI,
Appellant

v.

BOROUGH OF DUNMORE; DUNMORE BOROUGH COUNCIL;
BOROUGH OF DUNMORE CIVIL SERVICE COMMISSION;
MICHAEL CUMMINGS, individually and as Councilman;
JOSEPH LOFTUS, individually and as Borough Manager;
THOMAS HENNIGAN, individually and as Councilman;
JOSEPH TALUTTO, individually and as Councilman;
LEONARD VERRASTRO, individually and as Councilman;

JOHN BARRETT, individually and as Civil Service Commissioner;
WILLIAM GALLAGHER, individually and as Civil Service Commissioner;
RALPH MARINO, individually and as Civil Service Commissioner;
DUNMORE POLICE ASSOCIATION
(D.C. Civil No. 05-cv-01627)

_____

No. 07-2249

_____

POLICE OFFICER JODY SIBIO,
                                        Appellant

v.

BOROUGH OF DUNMORE; DUNMORE BOROUGH COUNCIL;
BOROUGH OF DUNMORE CIVIL SERVICE COMMISSION;
MICHAEL CUMMINGS, individually and as Councilman;
JOSEPH LOFTUS, individually and as Borough Manager;
THOMAS HENNIGAN, individually and as Councilman;
JOSEPH TALUTTO, individually and as Councilman;
LEONARD VERRASTRO, individually and as Councilman;
JOHN BARRETT, individually and as Civil Service Commissioner;
WILLIAM GALLAGHER, individually and as Civil Service Commissioner;
RALPH MARINO, individually and as Civil Service Commissioner;
DUNMORE POLICE ASSOCIATION
(D.C. Civil No. 06-cv-00995)

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
District Judge:  The Honorable A. Richard Caputo

_____

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2008

_____

Before: BARRY, STAPLETON, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>

_____

[*] Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

2

## OPINION

**BARRY, <u>Circuit Judge</u>**

Appellants, Officers Anthony Cali, Anthony Garzella, and Jody Sibio, appeal the orders of the District Court granting the motions for summary judgment of appellees Borough of Dunmore ("Borough") and Borough of Dunmore Police Association ("DPA").[1]

Appellants worked for the Borough as active reserve police officers for 26, 15, and 13 years, respectively.  As members of the DPA, their employment with the Borough was governed by a collective bargaining agreement ("CBA").  On December 31, 2003, the CBA expired and negotiations were referred to arbitration.  Under the resulting arbitration award, active reserve police officers could be promoted to regular, full-time status upon passing a civil service exam administered by the Borough of Dunmore Civil Service Commission ("Commission").

Under section 714 of the Rules and Regulations of the Commission, "[t]he minimum passing grade for an examination for any position in the classified service for which a numerical grade is given shall be a score of seventy (70%) per cent, and each applicant for any such position shall score at least seventy (70%) per cent on each

---

[1] Appellants do not appeal the grant of summary judgment in favor of the Borough of Dunmore Council, the Borough of Dunmore Civil Service Commission, and the individual defendants employed by the Borough, the Commission, and the Council.

element of the examination except for those elements which shall be rated Pass/Fail."
(App. 129-31.) The exam was developed, administered, and scored by Stanard and Associates, a nationally recognized testing company. According to appellants, the exam merely required them to achieve an overall score of 70% or above, while appellees argue that 70% was required on each individual math, grammar, reading, and writing section of the exam. The exam was administered on May 21, 2005. Garzella received an overall score of 77% but received 60% on the math section. Cali received an overall score of 72% but received 40% on the math section. Sibio received an overall score of 78% but received 50% on the grammar section. Based upon these scores, appellants were informed they had failed the exam. The officers that did pass the exam became regular, full-time officers at a higher wage, were placed above appellants in seniority, and became members of the pension plan. However, there was no diminishment of appellants' pay, benefits, or employment status.

Appellants asked the DPA to file a grievance on their behalf, but at a membership meeting on June 14, 2005, it voted not to do so. Members of the DPA were concerned that if they grieved the exam, they would have to grieve the entire process for everyone, which might result in the administration of a new exam even for those who had been successful on the earlier one. On June 23, 2005, appellants filed their own grievance. In response to that grievance, the DPA arranged a telephone conference with DPA attorney Thomas Jennings, during which Jennings advised appellants that they could not simply challenge the scoring of the exam, but had to challenge the exam in its entirety. No

4

further grievance was pursued by appellants. On July 1, 2005, Sibio resigned as an active reserve police officer.

On January 4, 2006, Dunmore adopted a resolution requiring police officers employed by the Borough to provide documentation that they were civil service qualified. The DPA opposed the resolution, arguing that this was a change in employment conditions that required negotiations, and that the requirement could be prospective only. On April 24, 2006, the Borough of Dunmore Council ("Council") vacated the resolution upon the advice of counsel. Eight days earlier, Cali's counsel had requested that Cali receive full-time status. [2]

Appellants sought relief under 42 U.S.C. § 1983 alleging violations of procedural due process with Sibio alleging, as well, a violation of substantive due process. Appellants Garzella and Cali also claimed that, in violation of the First Amendment, they had been retaliated against for speaking out against the exam and claimed, in their amended complaints, that the resolution was passed in retaliation for their having filed the initial complaints. All three appellants brought claims under state law against the DPA for breach of the duty of fair representation and against the Borough for breach of the CBA.

In three separate opinions and orders, the District Court granted summary judgment on the procedural due process claims on the ground that none of the appellants

---

[2] Cali allegedly provided passing scores from two previous civil service exams but was not given full-time status. According to the Borough, however, Cali had never completed the qualification process and was not civil service qualified.

5

had exhausted his administrative remedies under the CBA. The Court granted summary judgment on the First Amendment retaliation claim of appellants Garzella and Cali on the ground that neither officer had engaged in speech involving a matter of public concern,[3] nor shown any causal link between the initial filing of this action and the passing of the resolution. The Court declined to exercise supplemental jurisdiction over the state law claims, and they were dismissed.[4] On appeal, appellants argue (1) that the District Court erred when it dismissed appellants' procedural due process claims, (2) that they should have been given the opportunity to refute the determination that they did not pass the exam, and (3) that Dunmore retaliated against appellants Garzella and Cali by passing and then rescinding the resolution.

To state a claim a violation of one's right to procedural due process, a plaintiff must have taken advantage of the processes that were available, unless those processes were patently inadequate. Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). A state cannot be held to have violated due process when a plaintiff has refused to utilize procedural protections that were available. Id. Here, appellants had several avenues available but did not take advantage of them. In particular, appellants could and most

---

[3] As to this component of appellant Garzella's retaliation claim, the District Court found, in the alternative, that there was no issue of material fact as to whether a causal link existed between voicing opposition to the exam and "being deemed to have failed the exam." A13.

[4] The District Court granted summary judgment in favor of the DPA on the constitutional claims brought against it on the ground that the DPA was a labor union and not a state actor. The Court granted summary judgment on Sibio's substantive due process claim that appellees failed to follow the requisite testing procedures, finding that there can be no liberty interest in a procedure. Neither of these rulings is appealed.

likely should have used the grievance process outlined in Article 18 of the CBA, under which a police officer, a group of police officers, or the union must file a grievance with the Council. If the grievance is denied, it must be submitted to binding arbitration within ten days of the denial of the grievance.[5] Appellants argue that it is unfair to require them to have taken advantage of the grievance procedure when the DPA "abandoned" them by refusing to pursue the grievance for them. When access to a procedure is blocked or there is evidence that the procedures are a sham, a plaintiff need not pursue the procedures to state a due process claim. Id. at 118. Here, however, there is no evidence that appellants were unable to take advantage of the process without the DPA's assistance or that the DPA or any other party would have blocked their attempts to do so.

Assuming exhaustion was not required prior to bringing the § 1983 action, appellants claim that they had a property interest in being promoted to regular, full-time status because they passed the exam by scoring above 70% overall and were denied constitutionally required pre-deprivation notice, explanation of the evidence, and an opportunity to defend themselves before being stripped of their seniority, denied the

---

[5] Other avenues of relief are also available to police officers under the Dunmore Borough Civil Service Regulations and the Borough Code. Under section 1401 of the Dunmore Borough Civil Service Regulations, any employee who has been suspended, removed, or reduced in rank may make a written demand to the Commission for a hearing within seven days of any action taken by the Council. Under section 46183 of the Borough Code, the Commission will allow a person who feels aggrieved by the action of the Commission in refusing to certify him as eligible after examination to appear with counsel and the Commission will review its refusal to make such certification. 53 Pa. Stat. Ann. § 46183. Under section 46191 of the Borough Code, any person suspended, removed, or reduced in rank may make a written demand for a hearing with the Commission. Id. § 46191. All parties have an immediate right of appeal to the Court of Common Pleas of the County. Id.

7

enhanced pay and benefits, and publicly "defamed." Appellants did not have a property interest in being given regular, full-time positions as police officers because they did not have a "legitimate claim of entitlement" pursuant to a state statute or regulation, state or local government policy, or even a "mutually explicit understanding[]." Stana v. Sch. Dist. of Pittsburgh, 775 F.2d 122, 126 (3d Cir. 1985). The arbitration award itself did not create an entitlement to full-time status, but merely provided that full-time status could be achieved upon passing a civil service exam. Assuming, however, that appellants did have a property interest, they were not deprived of due process. Appellants had notice of what was required following the arbitration award. Prior to the exam, appellants received study guides, and Cali participated in meetings with the Commission regarding the exam. Following the exam, appellants had a number of avenues available to them to contest the results, including the grievance process under the CBA. When an adequate grievance and arbitration process is in place, these procedures satisfy due process requirements. Dykes v. Southeastern Pennsylvania Transp. Auth., 68 F.3d 1564, 1571 (3d Cir. 1995).

As for the retaliation claim, Garzella and Cali argue that the January 2006 resolution was passed in retaliation for filing their complaints in this action.[6] They base their argument on the fact that Thomas Hennigan, the President of the Council, knew that they had failed the exam when the Council passed the resolution requiring civil service

---

[6] "Appellants do not challenge the District Court's conclusion that their speech complaining of the test was not a matter of public concern. They also do not challenge the Court's conclusion that Hennigan was entitled to summary judgment on this claim because he is immune from suit by virtue of the doctrine of legislative immunity.

8

qualification. They contend that the retaliatory motive is shown by the fact that the resolution was rescinded only days after the Council discovered that Cali had passed an exam in the past and was, therefore, entitled to a full-time, regular position. The District Court correctly granted summary judgment on the retaliation claim because neither Garzella nor Cali suffered any adverse employment action from the resolution, which was in effect for four months and never enforced. There was no change in their employment status by virtue of the resolution, and no reduction in pay or benefits. There is also no evidence that the resolution was passed and/or rescinded in response to the filing of the complaints in this action, other than the fact that it was passed five months after the complaints were filed.

We will affirm the orders of the District Court.

_____